HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH-WAYNE LEAMING,

    Plaintiff,

    v.

MATTHEW SAMPSON, *et al.*,

    Defendants.

Case No. 2:23-cv-333 RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court *sua sponte*. Dkt. # 19. For the reasons that follow, the Court **DISMISSES** the complaint.

## II.   BACKGROUND

The Court previously dismissed Plaintiff's complaint alleging similar allegations. Dkt. # 18. From what the Court can ascertain, Plaintiff seeks relief that there are no exceptions under the Second Amendment. Dkt. # 19 at 10. He also purports seeks to damages against various government officials for seizing Plaintiff and prohibiting him and others from carrying arms into government buildings, including the Veterans Affairs hospitals. *Id.* Plaintiff's Complaint contains almost no factual allegations regarding Defendants.

ORDER – 1

### III. DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners.").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds pro se, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

The "Second Amendment protects the right to keep and bear arms for the purpose of self-defense." *McDonald v. City of Chicago*, 561 U.S. 742, 749–50 (2010). But it is well-settled that the right is "not unlimited." *District of Columbia v. Heller*, 554 U.S. 570,

ORDER – 2

595 (2008). The Supreme Court clarified that its recognition of the Second Amendment right does not "cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Id.* at 626–27; accord *McDonald*, 561 U.S. at 786. Those prohibitions are "presumptively lawful." *Heller*, 554 U.S. at 627 n.26. Given this well-settled law, Plaintiff's claim for relief fails. Furthermore, the Complaint lacks the who, what, where and when to state a constitutional claim for any purported civil rights violation. *Twombly*, 550 U.S. at 568.

### IV.  CONCLUSION

For the reasons stated above, the Court **DISMISSES** the complaint with leave to amend. Dkt. # 19. The Court will provide Plaintiff with one more opportunity to state a claim for relief before dismissing the complaint with prejudice. Any amended complaint must be filed within 30 days.

DATED this 6th day of December, 2023.

*Richard A. Jones*
_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3